UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT W. NETTLES, III., ) | |
| ) | |
| Plaintiff, ) | Case No. C10-86-JCC-BAT |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Robert W. Nettles, III., seeks review of the denial of his application for Social Security Supplemental Income ("SSI") and Disability Insurance Benefits ("DIB") by the Commissioner of the Social Security Administration, after a hearing before an administrative law judge ("ALJ").  Dkt. 6.

Nettles raises 6 issues on review but only one need be addressed at this time: the ALJ's failure to develop the record by obtaining testing of Nettle's intelligence and cognitive functioning.  Dkt. 19.  For the reasons below, the Court concludes the ALJ erred in failing to develop the record and recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

Nettles first applied for SSI and DIB in February 2004.  Tr. 138, 142.  His applications

REPORT AND
RECOMMENDATION – 1

were denied (Tr. 90) and he did not seek further administrative review.  In January 2006, he again applied for SSI and DIB benefits.  Tr. 148, 154.  After his application was denied initially and on reconsideration (Tr. 94, 97), the ALJ held a hearing in September 2008 and issued a decision in January, 2009 finding Nettles not disabled.  Tr. 6.  The Appeals Council denied Nettles' request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. 1.

## II.  STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  The ALJ determines credibility and resolves conflicts and ambiguities in the evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## III.  DISCUSSION

**A.     The ALJ's Duty to Develop the Record**

Nettles has a history of mental health problems and significant substance abuse.  Tr. 12.  His mental health treatment records raise concerns of mental retardation (TR. 556) and significant intellectual and developmental impairment.  Tr. 248, 605.  Specifically Nettles' treating psychiatrist Dr. Paul Grekin, M.D. opined he suspected Nettles "has significant intellectual impairment" (Tr. 605) and Nettles' medical records from Seattle Counseling Service note a "deferred" diagnosis of mild mental retardation.  Tr. 556.  Nettles contends there is thus a

REPORT AND
RECOMMENDATION – 2

genuine issue about the severity of his intellectual deficits and that by failing to obtain standardized intelligence testing, the ALJ failed to properly develop the record. Dkt. 19 at 14.

The Court agrees. The ALJ has a "'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered,'" even where, as here, "'the claimant is represented by counsel.'" *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a duty to develop the record further when "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, the ALJ denied Nettles' request to develop the record on the grounds that Dr. Jennifer Cheng-Shannon's state agency consultative report adequately addressed Nettles' cognitive and learning abilities. Tr. 26.[1] Dr. Cheng-Shannon opined Nettles had a GAF score of 40 and suffered from mood disorder, substance abuse in remission, learning disorder, panic attacks, rule out bipolar disorder, substance induced mood disorder, PTSD, and social anxiety disorder. Tr. 476. Dr. Cheng-Shannon performed a Mental Status Examination and under the section entitled "intellectual functioning" noted she asked him to name the states adjacent to Washington, whether he could do "serial 7s," whether he could perform a three-step command and spell a word backwards, and how an apple and orange are similar. *Id.* at 475. While these questions revealed Nettles had functional limitations, they did not clarify whether Nettles is mentally retarded or the extent of his cognitive limitations. Dr. Cheng-Shannon did not perform IQ testing, attempt to determine Nettles' IQ or whether Nettles was mentally retarded or

---

[1] The ALJ also rejected Nettles' request on the grounds "the purpose of a consultative examination is not to assess treatment need, but to assess functioning." Tr. 26. Nothing shows Nettles requested the evaluation to assess his treatment needs. Rather the ALJ's statement that Nettles' requested an additional cognitive examination to assess cognitive impairment" indicates Nettles sought an assessment of his functioning, not his treatment needs.

REPORT AND
RECOMMENDATION – 3

cognitively impaired and gave no medical opinions about these matters. *Id.*

As the evidence, including Dr. Cheng-Shannon's opinion, about Nettles' intellectual functioning is both ambiguous and inadequate to determine his intellectual functioning, the Court concludes the ALJ erred in denying Nettles' request for a consultative examination. The case should therefore be remanded to develop the record regarding Nettles' intellectual and cognitive impairments including IQ testing and a determination of whether Nettles is mentally retarded. As this may affect the ALJ's five step[2] analysis, the Court need not address, at this point, the other issues raised by Nettles or the ALJ's findings[3] at each step.

### IV.  CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and this case **REMANDED**. On remand, the ALJ should (1) develop the record regarding Nettles' intellectual or cognitive impairments including IQ testing and determine whether Nettles is mentally retarded, (2) consider whether Nettles' intellectual or cognitive impairments meet or equal a listing, (3) reevaluate, as necessary, the medical and lay evidence in view of the new evidence that is developed, and (4) reevaluate, as necessary, Nettles' RFC before proceeding to steps four and five. A proposed order accompanies this Report and Recommendation.

DATED this 11th day August, 2010.

s/ BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] *See* TR. 9-29 (ALJ's Decision).

REPORT AND
RECOMMENDATION – 4